UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

LAURA MONROE,
individually,

   Plaintiff,

vs.

ME SPA PEMBROKE, LLC, a Foreign
Corporation,

   Defendant.
_____/

CASE NO.

## **COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL**

Plaintiff, Laura Monroe (hereinafter "Plaintiff"), individually and by and through undersigned counsel, brings this action and complaint for damages and demand for jury trial against Defendant, Me Spa Pembroke, LLC (hereinafter "Me Spa"), a Foreign Corporation, and in support thereof, alleges as follows:

### JURISDICTION AND VENUE

1. This action arises under the Age Discrimination in Employment Act of 1967 (29 U.S.C. §621, *et seq.*) ("ADEA") and the Florida Civil Rights Act, Fla. Stat. § 760.01, *et seq.* (2011) ("FCRA");

2. This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331 and 1343 because Plaintiff has raised federal claims herein under the ADEA and has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367a.

3. Jurisdiction in this Court is proper pursuant to 28 U.S.C. §§ 1331, 1337, 1343, and 1367. This action is authorized and instituted pursuant to the ADEA.

4.      Venue is proper here under 28 U.S.C. § 1391. Me Spa conducts substantial, systematic, and continuous business activity in this District; has offices, employees and agents in this District; and the acts giving rise to this action occurred in this District.

5.      At all relevant times, Me Spa has continuously been a "person" and "employer" as defined by the ADEA and FCRA and is subject to all of the aforementioned laws.

6.      On November 10, 2015, Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") alleging violations of the ADEA by Me Spa. (A true and correct copy of the Charge with the EEOC's stamp evidencing receipt is attached hereto as Exhibit A.)  To date, the EEOC has not mailed Plaintiff a right to sue letter or provided Plaintiff with formal notification that her case is being closed. However, because more than sixty (60) days have elapsed since the filing of the charge and the charge is being brought under the ADEA, Plaintiff may file suit without a right to sue letter. Therefore, all conditions precedent to the institution of this lawsuit have been fulfilled.

## STATEMENT OF FACTS

7.      Plaintiff is an individual born on December 31, 1959 and was 55 years old at all pertinent times referenced herein and, therefore, within a protected class as defined by the ADEA and the FCRA.

8.      Plaintiff was discriminated against by Me Spa because of her age.

10.     Plaintiff was employed at a spa named Coldwater Creek in Broward County, Florida for approximately six years beginning on or around 2009.

11.     Me Spa purchased Coldwater Creek in or around late 2014 or early 2015. Since purchasing Coldwater Creek, Me Spa began systematically terminating the employment of older

employees such as Plaintiff. In fact, Plaintiff was ordered by Me Spa owner Benjamin Nissanoff to "hire young people" for a new store scheduled to open during the holiday season in 2015.

12. On August 5, 2015, Me Spa reduced the salaries of a number of managers over the age of 40, including Plaintiff, whose salary was reduced by $10,000.

13. Me Spa then promoted Plaintiff to one of two Spa Director positions in September 2015 and restored her salary to its pre-August 5, 2015 level. However, on October 5, 2015, Me Spa advised Plaintiff that her position as Spa Director was being eliminated because Me Spa did not want to pay Plaintiff's salary. Plaintiff offered to take a salary reduction but was told that she could not because her position was being eliminated, as Me Spa claimed it could not afford two Spa Directors and was restructuring to only employ one Spa Director.

14. However, immediately after Plaintiff's employment was terminated, a significantly younger employee, Jennifer Paul, was then promoted to the Spa Director position Plaintiff previously held immediately upon Plaintiff's termination. This Spa Director position was the same one that Me Spa had told Plaintiff was being eliminated for cost reasons.

15. Within one day of Plaintiff's termination, the corporate structure returned to having two Spa Directors, both significantly younger than Plaintiff, even though Me Spa specifically told Plaintiff it was firing her because it could only afford one Spa Director.

16. At the time of her termination and during the time she was discriminated against, Plaintiff was 55 years old.

17. Plaintiff was discriminated against and eventually terminated because of her age.

18. These actions are in direct violation of the ADEA and the FCRA.

19. All conditions precedent to the filing of this suit have occurred or been waived.

## COUNT I – VIOLATIONS OF ADEA

20.     Plaintiff realleges and incorporates herein all of the allegations set forth in paragraphs 1-19 above as if set forth herein.

21.     Plaintiff brings this action under the ADEA. (29 U.S.C. §621, *et seq.*)

22.     Plaintiff is a member of a protected class in that at all times material to this action Plaintiff was over the age of 40.

23.     Plaintiff is "qualified" for work as a Spa Director for Defendant.

24.     Plaintiff suffered adverse employment actions because of her age, as discussed herein.

25.     Me Spa engaged in a pattern and practice of discriminating against individuals who are older (over age 40) by: (a) knowingly and intentionally, in the company's hiring and employment practices, treating adversely individuals who are age 40 and older, and treating preferentially individuals who are under 40 years old or otherwise younger than the Plaintiff, and (b) hiring a disproportionately larger percentage of its workforce with individuals under 40 years old or otherwise younger than Plaintiff even when there are many individuals age 40 or older who are available and well-qualified for the positions at issue.

26.     Plaintiff's discharge was the result of Me Spa discriminating against employees over the age of 40 and was willful warranting the imposition of liquidated damages.

27.     There is a causal connection between the conduct and the harm suffered and discriminatory motive was the cause of the adverse employment action. As a result of Me Spa's discriminatory conduct and wrongful termination of Plaintiff, Plaintiff has suffered and will continue to suffer lost income, lost fringe benefits, and incurred expenses in searching for

replacement employment and additional education as well as other damages permitted by law as more fully set forth in her request for relief.

### COUNT II - AGE DISCRIMINATION UNDER THE FCRA

28. Plaintiff realleges and incorporates herein all of the allegations set forth in paragraphs 1-19 above as if set forth herein.

29. Plaintiff brings this action under Fla. Stat. 760, *et. seq*.

30. Plaintiff is over the age of 55.

31. Plaintiff was qualified for work as Spa Director for Defendant.

32. Me Spa engaged in a pattern and practice of discriminating against individuals who are over the age of 40 by terminating the employment of qualified employees over the age of 40 and replacing them with younger employees.

33. Plaintiff suffered the impacts of discrimination by Me Spa because she is over the age of 40, as discussed herein.

34. Employees younger than Plaintiff did not suffer discrimination based on age.

35. There is a causal connection between the conduct and the harm suffered and discriminatory motive. Plaintiff's ultimate discharge was the result of Me Spa's discriminatory and retaliatory conduct toward Plaintiff because of her age.

36. As a result of Me Spa's discriminatory conduct and wrongful termination of Plaintiff, Plaintiff has suffered and will continue to suffer lost income, lost fringe benefits, and incurred expenses in searching for replacement employment and additional education as well as pain and suffering, mental anguish, emotional distress, and other damages permitted by law as more fully set forth in her request for relief.

## **REQUEST FOR RELIEF**

WHEREFORE, based on the foregoing, Plaintiff requests that the Court grant the following relief:

A. Find Me Spa's actions toward Plaintiff to be in violation of her rights under the ADEA and the FCRA;

B. Direct Me Spa to reinstate the Plaintiff with full seniority to the same or an equivalent position, with back pay, plus interest, liquidated damages, pension rights and all applicable benefits.

C. Compensate Plaintiff and make Plaintiff whole for any and all pay and benefits Plaintiff would have received but for Me Spa's illegal actions, including but not limited to compensatory damages, punitive damages, back pay, front pay, salary, pay increases, bonuses, insurance, benefits, training, promotions, reinstatement and seniority;

D. Award Plaintiff an additional equal amount as liquidated damages for Me Spa's willful violation of the ADEA;

E. Award damages to Plaintiff for her emotional distress under the FCRA;

F. Award Plaintiff her costs, including reasonable attorneys' fees and expert fees under Fla. Stat. § 760.11(5) (2004) and 29 U.S.C. § 626(b) and any other applicable statute, and pre-judgment interest;

G. Award of any other affirmative relief to compensate Plaintiff for Me Spa's unlawful employment practices, including but not limited to an award of all pecuniary damages and out of pocket expenses Plaintiff has suffered as a result of Me Spa's conduct;

H.   Award under the FCRA compensation for past and future non-pecuniary losses resulting from the unlawful practices complained of above, including emotional pain, suffering, inconvenience, humiliation, and loss of enjoyment of life, in amounts to be determined at trial;

I.   Award punitive damages for Me Spa's malicious and reckless conduct as described above, in amounts to be determined at trial; and

J.   Award all other equitable and legal relief to which this Court deems just.

### REQUEST FOR TRIAL BY JURY

Plaintiff hereby requests a trial by jury on all matters so triable.

Dated: June 28, 2016.

        Respectfully submitted,

        **HUDSON & CALLEJA, LLC**
        *Counsel for Plaintiff*
        355 Alhambra Circle
        Suite 801
        Coral Gables, Florida 33134
        Telephone: (305) 444-6628
        Facsimile: (305) 444-6627
        rhudson@hudsoncalleja.com

        By: /s/ ROBERT W. HUDSON
            **ROBERT W. HUDSON**
            Florida Bar No.: 993875